**FILED**
**Aug 23, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **BRADLEY OLSON,** | ) | |
| **Employee,** | ) | **Docket No. 2018-06-1359** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROCK SOLID SECURITY, INC.,** | ) | **State File No. 60326-2018** |
| **Employer,** | ) | |
| | ) | |
| **HARTFORD UNDERWRITERS** | ) | |
| **INSURANCE COMPANY,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court convened an expedited hearing on August 22, 2019, to consider whether Rock Solid Security must pay for emergency medical treatment Mr. Olson received following a work-related accident. For the reasons below, the Court holds that Rock Solid must pay for the emergency care.[1]

### Claim History

Mr. Olson worked as a security guard for Rock Solid. On August 31, 2017, while providing security during a music festival, a severe thunderstorm blew over a chain link fence that struck Mr. Olson on his head and back. Mr. Olson testified he called the emergency line for Rock Solid and spoke with a "Ms. Bauman" who instructed him to go to the nearest hospital. She also told him to deliver the bill to Rock Solid for payment.

---

[1] Mr. Olson also requested temporary disability benefits in his expedited hearing request. He voluntarily withdrew that request at the hearing.

Mr. Olson took an Uber to the emergency room and underwent several tests, all of which came back negative. The hospital charged him $3,788.50 for his treatment.

According to Mr. Olson, the only witness to testify at trial, he twice took the bill from the emergency room to Rock Solid. Despite delivering the bill, it remains unpaid and has been sent to collections.

### Findings of Fact and Conclusions of Law

Mr. Olson seeks payment of his emergency room bill. To recover, he must provide evidence to show he would likely prevail in proving Rock Solid's obligation to pay the bill at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds Rock Solid must pay the bill.

Under the Workers' Compensation Law, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement, or the need for medical treatment of the employee[.]" The injury must be caused "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." *See* Tenn. Code Ann. §50-6-102(14). The employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." *Id*. at § 50-6-204(a)(1)(A).

By his testimony, Mr. Olson suffered an injury when the fence fell on him. When Mr. Olson reported the injury, Rock Solid instructed him to go to the nearest emergency room for treatment and told him to submit the emergency room bill for payment. He went to the emergency room and delivered the bill to Rock Solid, who failed to pay it. While Rock Solid questions Mr. Olson's truthfulness, it provided no proof to rebut his testimony, and the Court found his testimony credible.[2] Based on this proof, Mr. Olson appears likely to prevail at a hearing on the merits, and the Court holds that Rock Solid must pay his emergency room bill.

It is **ORDERED** as follows:

1. Rock Solid shall pay the emergency room bill for Mr. Olson's treatment following the workplace accident.

2. This matter is set for a scheduling hearing on **Monday, October 14, 2019, at 9:30 a.m. (CDT).** The parties must call 615-741-2113 to participate in the Hearing.

---

[2] While Rock Solid asked Mr. Olson many questions concerning his work history and other incidents after his accident, the Court finds the testimony elicited irrelevant to the issues at this expedited hearing.

Failure to call might result in a determination of issues without the party's participation.

3. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED AUGUST 23, 2019.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Medical Records
2. Mr. Olson's Affidavit

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on August 23, 2019.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Bradley Olson, Employee | | | X | swamiester@gmail.com |
| Courtney Smith, Employer's Attorney | | | X | csmith@spicerfirm.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



### Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

### *\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

6. I am employed by: _____

     My employer's address is: _____

     My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                          RDA 11082

9. My expenses are:

Rent/House Payment $_____ per month    Medical/Dental  $_____ per month

Groceries         $_____ per month    Telephone      $_____ per month
Electricity       $_____ per month    School Supplies $_____ per month
Water             $_____ per month    Clothing       $_____ per month
Gas               $_____ per month    Child Care     $_____ per month
Transportation    $_____ per month    Child Support  $_____ per month
Car               $_____ per month
Other             $_____ per month (describe: _____ )

10. Assets:

Automobile            $_____            (FMV) _____
Checking/Savings Acct. $_____
House                 $_____            (FMV) _____
Other                 $_____            Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____           _____
_____           _____
_____           _____
_____           _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082